IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RHONDA STIRLING**,

    Plaintiff,

v.                             **No. 11cv334 WJ/KBM**

**DAVID STIRLING,
DONNA DUCKETT STIRLING,
ALBUQUERQUE POLICE DANIEL MILLER,
ALBUQUERQUE POLICE DEPARTMENT**,

    Defendants.

### MEMORANDUM OPINION AND ORDER REMANDING CASE

THIS MATTER comes before the Court on pro-se Plaintiff Rhonda Stirling's motion to proceed *in forma pauperis* ("IFP"), filed April 22, 2011, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

On August 11, 2010, Ms. Stirling filed a complaint in state court against the Defendants, alleging only state-law claims for "malicious criminal prosecution to include comparative negligence, abuse of process, frivolous litigation, contempt, prima facie tort, conspiracy and racketeering." Doc. 1, Ex. 1 at 1 (state-court complaint). She then filed a notice of removal in this Court on April 22, 2011, *see* Doc. 1, and filed a motion to proceed IFP instead of paying the federal filing fee, *see* Doc. 2. In screening the case, the Court discovered that Ms. Stirling removed her own case from state court to this Court with no authority for doing so. Authority to remove a case from state court to federal court is exclusively provided by the following statute:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (italics added). "The failure to comply with these express statutory

requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (internal quotation marks omitted).

The Supreme Court has long held that a plaintiff may not remove his or her own case to federal court after filing it in state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (holding that a state-court plaintiff against whom the defendant had filed a counterclaim could not remove to federal court under the statutory predecessor to § 1441(a)). In its analysis, the Court noted that, between 1875 and 1887, the removal statute gave the right of removal to "either party," but that in 1887, Congress amended the statute to allow removal "only 'by the defendant or defendants therein.'" *See id.* at 104-05. The Court concluded that Congress intended "to narrow the federal jurisdiction on removal" in amending the statute, *id.* at 107, and that this congressional intent required the federal courts to deny the plaintiff the right to remove. The Court also ruled that the states' important interest in the independence of their courts required "strict construction" of the removal statutes. *Id*. at 108. Thus, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Id.* at 109 (internal quotation marks omitted).

Because Ms. Stirling had no right to remove her case, the notice of removal is defective, this Court does not have jurisdiction over the case, and the case must be remanded to state court. The motion to proceed IFP in this Court is, therefore, moot.

**IT IS ORDERED** that this case is REMANDED to the Second Judicial District Court of Bernalillo County, New Mexico; and that the Clerk shall mail a certified copy of this order of remand to the Clerk of that court.

_____
**UNITED STATES DISTRICT JUDGE**